UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| ANTWAIN T. SALES,<br><br>Petitioner,<br><br>v.<br><br>SHARON TAYLOR, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Nos. 4:14-CV-58-HSM-SKL |

**MEMORANDUM OPINION**

Before the Court now is Petitioner, Antwain Sales' pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Petitioner, a prisoner at Northeast Correctional Complex in Mountain City, Tennessee, is challenging the legality of his confinement under second degree murder and attempted second degree murder convictions in the Circuit Court for Bedford County, Tennessee on April 23, 2007 (Doc. 1-12 p. 2). Before the Court are Respondent's motion to dismiss (Doc. 14), Petitioner's response in opposition to the motion to dismiss (Doc. 17), and Petitioner's motion for an evidentiary hearing (Doc. 16).

For the reasons stated herein, Petitioner's motion for an evidentiary hearing (*Id.*) will be **DENIED** and Respondent's motion to dismiss (Doc. 14) will be **GRANTED**.

## I. BACKGROUND

On April 23, 2007, Petitioner pleaded guilty to one count of second degree murder (Doc. 1-12 p. 3) and one count of attempted second degree murder (*Id.* at 2) in the Bedford County Circuit Court. He received an effective sentence of forty years' imprisonment (*Id.* at 2–3). Petitioner did not file a direct appeal (Doc. 1 p. 2).

On May 23, 2011, more than four years after his original conviction, Petitioner filed a petition for state post-conviction relief. *Sales v. State*, No. M2011-02001-CCA-R3-PC, 2012 Tenn. Crim. App. LEXIS 801, at *2 (Tenn. Crim. App. Sept. 27, 2012). In an attempt to avoid summary dismissal based on expiration of the state statute of limitations, Petitioner argued for equitable tolling based on the assertion he was unable to seek timely relief because of mental incompetence and the effect of the psychotropic drugs proscribed for such mental condition. *Id.* Specifically, Petitioner cited an October 17, 2005 pre-offense diagnosis for "Schitzoaffective Bipolar/Schizofrantic Paranoia." *Id.* at 3. "The [post-conviction] court dismissed the petition after finding [Petitioner] failed to file the petition within the one year statute of limitation and . . . failed to establish grounds for mandating a tolling of the statute of limitations." *Id.* The Tennessee Court of Criminal Appeals affirmed on September 27, 2012, *id.* at 6, and Tennessee Supreme Court denied further review on January 10, 2013. *Sales v. State*, No. M2011-02001-SC-R11-PC, 2013 Tenn. LEXIS 49 (Tenn. Jan. 10, 2013).

Earlier that same year, Petitioner filed a petition for state habeas relief on January 20, 2013 (Notice of Filing, Add. 3, Vol. 1 p. 19–23). On April 27, 2012, the state habeas court summarily dismissed the petition stating the Petitioner had failed to show that he was entitled to habeas corpus relief by virtue of his claims of mental illness (*Id.* at 3).

On February 10, 2014, Petitioner filed the current pro se petition for a federal writ of habeas corpus (Doc. 1). Petitioner signed and delivered the petition to prison mailing authorities on February 5, 2014 (*Id.* at 14). Respondent filed a motion to dismiss on October 13, 2014 (Doc. 14) and Petitioner filed a motion for an evidentiary

hearing on October 22, 2014 (Doc. 16). Two days later, Petitioner filed a response in opposition to Respondent's motion to dismiss (Doc. 17).

## I. RESOLUTION OF RESPONDENT'S MOTION TO DISMISS

Respondent has moved to dismiss Petitioner's application for habeas relief, arguing it is time-barred under the 28 U.S.C. § 2244(d)'s statute of limitations (Doc. 14). Petitioner responds arguing mental incompetence from the date of conviction to present equitably tolled the applicable limitations period (Doc. 17 p. 2–3, 6–8). Specifically, he asserts: (1) he was mentally incompetent at the time of his plea; (2) he remains mentally incompetent; (3) his mental illness prevented him from timely filing his federal habeas petition; and (4) he is actually innocent (*Id.*).

The AEDPA contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. 28 U.S.C. § 2244(d). The limitations period starts to run when one of four circumstances occurs: (1) the conclusion of direct review; (2) upon the removal of an impediment which prevented a petitioner from filling a habeas corpus petition; (3) when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or (4) when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is statutorily tolled during pendency of "a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim." *Id.*

Petitioner took no direct appeal after pleading guilty to all offenses on April 23, 2007 (Doc. 1-12 p. 3). As a result, Petitioner's limitations period began to run on May

23, 2007.[1] Thus, absent statutory or equitable tolling, Petitioner's one-year statute of limitations expired on May 23, 2008, five and a half years before he filed the current 28 U.S.C. § 2254 petition.

**A. Statutory Tolling**

First, the Court finds neither Petitioner's May 23, 2011 state petition for post-conviction relief nor January 20, 2012 state petition for habeas relief triggered 28 U.S.C. § 2244(d)(2)'s statutory tolling provision. An application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filing." *Artuz v. Bennett*, 531 U.S. 4, 8 (2008). Relevant rules include those laws prescribing "time limits upon [the application's] delivery." *Id.*

Petitioner's filed his first motion for post-conviction relief with the Circuit Court for Bedford County over four years after his conviction became final. Petitioner's petition for state habeas relief was even more belatedly filed and both petitions were dismissed as barred by the relevant statutes of limitation. Because both state petitions were dismissed for failure to comply with the "time limits [set] upon [their] delivery," neither was "properly filed" pursuant to 28 U.S.C. § 2244(d)(2) and neither can serve as the basis for statutorily tolling the AEDPA's one-year statute of limitations.

Further, even if Petitioner's state petitions for post-conviction relief were properly filed, a petition filed more than three years after expiration of 28 U.S.C. § 2244(d)'s limitations period has no tolling effect because there is no running statute of limitations left to be tolled. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003)

[1] Because Petitioner did not actually seek review, his direct appeal would have concluded when the time for filing such an appeal lapsed. 28 U.S.C. § 2244(d)(1)(A). The time for filing his appeal expired thirty days after April 23, 2007, when his order of judgment was entered. Tenn. R. App. P. 4(a). Thus, Petitioner's conviction became final for purposes of the one-year statute of limitations on May 23, 2007.

("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.").

## B. Equitable Tolling

Despite failure to trigger 28 U.S.C. § 2244(d)(2), the one-year AEDPA statute is not jurisdictional and remains subject to the doctrine of equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance . . . prevented timely filing.'" *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This doctrine "is applied sparingly," however, and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman*, 346 F.3d at 604. Petitioner bears the burden of demonstrating cause for equitable tolling. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003); *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (same).

"A petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstances [capable] . . . of equitably toll[ing] [the] AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011); *see also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (noting "mental incapacity of the petitioner can warrant equitable tolling of the statute of limitations"). To obtain such tolling, the petitioner must demonstrate (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the AEDPA's limitations period. *Ata*, 662 F.3d at 742; *see also McSwain*, 287 F. App'x at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold

showing of incompetence and must also demonstrate that the alleged incompetence affected [his] ability to file a timely habeas petition"). "Blanket assertion[s] of mental incompetence [are] insufficient [as a matter of law]." *Ata*, 662 F.3d at 742.

The Court finds Petitioner has not established that his alleged mental-health problems caused his failure to timely pursue federal remedies. Aside from generalized claims of mental incompetence spanning from conviction to present, Petitioner has failed to point to a single instance, occurrence, or manifestation that precluded him from seeking timely post-conviction relief before 28 U.S.C. § 2244(d)'s limitation period expired on May 23, 2008. *Compare Ata*, 662 F.3d at 740 (finding petitioner's mental incompetence tolled the statute of limitations where petitioner presented specific evidence of hospitalization on numerous occasions for paranoid schizophrenia during the one year period after his conviction became final); *with Sloane v. Morgan*, No. at *40–42 (N.D. Ohio Dec. 2, 2014) (finding petitioner's allegations of mental incompetence failed to toll the statute of limitations where he relied solely on generalized or "blanket" claims of incompetence during the limitations period). Vague references to "loss of contact with reality" and "disrupted concentration" being symptoms of Petitioner's disorder (Doc. 17 p. 7) do not suffice as substitutes for identification of specific manifestations, hospitalizations, or incapacity arising during the limitations period. Even assuming Petitioner did suffer from some degree of impaired intellectual or mental functioning, not all cognitive deficiencies are sufficiently pervasive or debilitating that they prevent compliance with 28 U.S.C. § 2254(d). *See Starks v. Easterling*, 2014 U.S. Dist. LEXIS 124395, 2014 WL 4347593, at *7 (M.D. Tenn. Sept. 2, 2014) (finding mild mental impairment was not grounds for equitably

tolling the limitations period in the absence of any indication that such impairment rendered the petitioner incapable of managing his court filings).

In fact, several of Petitioner's own assertions directly cut against any claim his mental condition was so severe that it prevented compliance with 28 U.S.C. § 2244(d). Petitioner claims he was mentally incompetent at the time of his conviction, this condition prevented any meaningful participation in the judicial process, and he continues to suffer from this same level of mental incapacity to this very day (Doc. 1; Doc. 17 p. 6–8). Despite the forgoing claims of mental incompetence, the record illustrates Petitioner was capable of seeking out the assistance of other inmates with drafting and submission of pleadings on multiple occasions including: (1) the May 23, 2011 state petition for post-conviction relief (Doc. 1-1 ¶¶ 4, 8), (2) the January 20, 2012 state petition for habeas relief (Doc. 1-1 ¶¶ 10–13), and (3) his current 28 U.S.C. § 2254 motion for habeas relief (Doc. 1-1 ¶¶ 1–3, 23). Even if Petitioner's ability to coordinate multiple state court filings beginning on May 23, 2011 is not sufficient evidence of capacity to participate in the judicial process during the prior four year period between that date and the date his prior conviction became final, Petitioner's failure to file the current 28 U.S.C. § 2254 petition for an additional two years, eight months, and twenty eight days conclusively precludes the current case from being saved by the doctrine of equitable tolling. Thus, the fact Petitioner was able to file two state petitions under the same alleged condition of mental incompetence as early as May 23, 2011 is conclusive proof that his cognitive disability was not so incapacitating that it caused his failure to comply with 28 U.S.C. § 2254(d).

Finally, while it is true that a petitioner who makes a "credible showing of innocence" may be allow to pursue his constitutional claims on the merits notwithstanding the untimeliness of his habeas corpus petition, *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013), this exception to the general applicability of 28 U.S.C. § 2244(d) is "severely confined" and requires the petitioner show that it is more likely than not no reasonable juror would have convicted him in light of some new evidence. *Id.* at 1933 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner's citation to his claims for relief on the merits and reliance on the absence of DNA evidence at the time of his guilty plea fall far short of satisfying the stringent test set forth in *McQuiggin*. *Id.* at 1935 (noting the post-AEDPA "actual innocence" exception requires citation new evidence making it more likely than not that no reasonable juror could convict petitioner).

## II. RESOLUTION OF PETITIONER'S NON-DISPOSITIVE MOTION

### A. Motion for an Evidentiary Hearing

Under Rule 8 of the rules governing 28 U.S.C. § 2254 cases in the United States District Courts, the court is to determine, after a review of the answer and records of the case, whether an evidentiary hearing is warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (noting decisions about whether to grant evidentiary hearings is generally left to the discretion of district courts). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474.

Because his petition for habeas relief is untimely and barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations, the Court finds Petitioner is not entitled to an evidentiary hearing on the merits of his claim. Petitioner's motions for evidentiary hearing (Doc. 16) will be **DENIED** accordingly.

## III. CONCLUSION

Based on the forgoing, the Court finds Petitioner's 28 U.S.C. § 2254 petition is time-barred under 28 U.S.C. § 2244(d). For that reason, the Petitioner's motion for an evidentiary hearing on the merits of his petition (Doc. 16) will be **DENIED** and Respondent's motion to dismiss (Doc. 14) will be **GRANTED**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ENTER.**

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE